## (July 23, 1979)

■ In the Matter of the BOARD OF TRUSTEES OF THE VILLAGE OF NEW SQUARE, Petitioner, v TOWN BOARD OF THE TOWN OF RAMAPO, Respondent.— In a proceeding pursuant to section 712 of the General Municipal Law to determine whether the proposed annexation by petitioner of certain land in the Town of Ramapo is in the over-all public interest, wherein this court, by order dated October 6, 1976, as amended by order dated November 4, 1977, designated Justices Ruskin, Sirignano and Rubenfeld as Referees to hear and report their findings of fact and conclusions of law, respondent moves to confirm the report of the Referees that the proposed annexation would not be in the over-all public interest. Motion granted, without costs or disbursements, and it is determined that the proposed annexation is not in the over-all public interest. The report's conclusion that the proposed annexation would not be in the over-all public interst is clearly supported by the evidence, and we confirm and adopt the report, and its findings and conclusions, as those of this court. Hopkins, J. P., Damiani, Titone, O'Connor and Gulotta, JJ., concur.

■ AEON REALTY COMPANY et al., Appellants-Respondents, v MASHOMACK FISH AND GAME PRESERVE CLUB, INC., Respondent-Appellant.—Order of the Supreme Court, Suffolk County, dated February 7, 1979, affirmed insofar as appealed from by the appellants-respondents and respondent-appellant. No opinion. Appellants-respondents are awarded no costs, but are awarded one half of their disbursements because of the failure of the respondent-appellant to file an adequate appendix on its cross appeal. Hopkins, J. P., Damiani, Lazer and Margett, JJ., concur.